```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**GREEN LESTER,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:14-20361**

**HOMESITE INSURANCE COMPANY**
**OF THE MIDWEST,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to bifurcate and stay filed by defendant Homesite Insurance Company of the Midwest ("Homesite"). (Doc. No. 7). For the reasons set forth below, that motion is **DENIED**.

### I. Factual and Procedural Background

On November 19, 2012, plaintiff Green Lester ("Lester") entered into a contract to purchase a home located at 202 Glenwood Haven Road in Princeton, West Virginia. See Complaint ¶ II. According to Lester, he purchased the Glenwood Haven Road property as a retirement home and intended to begin living there full-time in late May of 2013. See id. Plaintiff closed on the home on December 18, 2012. See id.

On or after November 19, 2012, Lester applied, by telephone, for a homeowners' insurance policy from Progressive Insurance on the Glenwood Haven Road property. See id. at ¶¶ II, III. Defendant Homesite is the underwriter for Progressive's

homeowner's insurance division. See id. at ¶ III. Homesite issued a homeowner's policy on the home dated November 29, 2012. See id.

On May 5, 2013, the Glenwood Haven Road home caught fire and was partially or completely destroyed. See id. at V. Plaintiff was not present at the time of the fire as he was staying at his home in Iaeger, West Virginia. See id. Thereafter, Homesite denied coverage for the fire and has attempted to rescind the insurance policy issued on the home on the basis that Lester allegedly made "material misrepresentations in connection with the application for the . . . policy or negotiations for said policy." Id.

On May 9, 2014, Lester filed the instant complaint in the Circuit Court of Mercer County alleging that Homesite had breached the insurance contract that it issued to him. On July 2, 2014, Homesite removed the case to this court on the basis of diversity jurisdiction. Homesite has also filed a counterclaim for declaratory relief seeking a declaration to the effect that Lester made a material misrepresentation with respect to the subject insurance policy that renders it void ab initio.

Homesite now asks the court to bifurcate its counterclaim from plaintiff's breach of contract claim and decide the counterclaim first. Homesite also asks for a stay of all

-2-

"extracontractual" discovery.  Plaintiff opposes defendant's motion.

## II. **Analysis**

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> *Separate Trials*. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to grant a motion to bifurcate is within the broad discretion of the court and, in deciding whether to bifurcate claims for trial, the exercise of that discretion will be set aside only if clearly abused.  See Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir. 1993).  "[T]he party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience." Belisle v. BNSF Ry. Co., 697 F. Supp.2d 1233, 1250 (D. Kan. 2010) (internal quotation marks omitted); Lowe v. Phila. Newspapers, Inc., 594 F. Supp. 123, 125 (E.D. Pa. 1984) (same).

In this case, Homesite has not shown that bifurcation would further judicial economy.  Homesite argues this court can avoid the time and expense of a trial on the breach of contract claim because such a claim will be moot if the court determines that coverage does not exist.  Of course, this argument only makes

-3-

sense if Homesite prevails on the coverage issue.  If the court orders bifurcation and the coverage issue is not resolved in Homesite's favor, the court would be forced to hold two trials.  "[T]he potential for two trials does not serve judicial economy."  North Pacific Ins. Co. v. Stucky, No. CV 12-15-H-DLC, 2013 WL 5408837, *2 (D. Mont. Sept. 25, 2013).  The Stucky court explained the fallacy of defendant's argument in this regard:

> North Pacific asserts that establishing the existence or non-existence of coverage would serve judicial economy because a finding that coverage did not exist would render the Stucky's counterclaims moot.  Thus, a determination of non-coverage, North Pacific argues, would prevent this Court and the parties from wasting resources on claims that could be disposed of by a coverage determination.  However, this assertion is predicated on the assumption that North Pacific will prevail on the issue of coverage.  If coverage is determined to exist, another trial would still be necessary to determine damages.

Id.  Recognizing this possibility exists, Homesite maintains that "the parties and the Court will benefit from a bifurcated trial process."  Homesite's Reply Memorandum at p. 3 (Doc. No. 14). The court cannot agree.  Under the facts of this case, the process outlined by Homesite is not convenient nor does it promote judicial economy or efficiency.

As noted above, bifurcation would promote judicial economy only if Homesite prevails on the coverage issue.  If it does not, the court and parties would be burdened with two phases of discovery, motions, voir dires, and two separate trials. Accordingly, under the facts of this case, judicial economy and

efficiency are not served by bifurcation. Moreover, defendant has not demonstrated that it will be prejudiced by a unitary trial of this matter. For all these reasons, the motion to bifurcate is DENIED. Having denied the motion to bifurcate, the court likewise denies the motion to stay.

### III. Conclusion

For the reasons set forth herein, defendant's motion to bifurcate and stay is hereby **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 25th day of November, 2014.

ENTER:

David A. Faber
Senior United States District Judge